By the Court,

Bronson, J.
It will not be necessary to recite any portion of the charter or early laws relating, to the city of New-York, for it is not and cannot be denied that at the time the constitution was framed and adopted there was a court of common pleas for the city and county of New-York; and a clerk of the city and county who was the clerk of that court. The clerkship of the court was not a mere incident to the office *82 of clerk of the county, but was a part of the office.(a) Then came the constitution of 1821, which provides, that “ sheriffs and clerks of counties, including the register and clerk of the city and county of New-York, shall be chosen by the electors of the respective counties.” (Art. 4, § 8.) Under this provision the clerk of the city and county of New-York has been chosen by the electors ever since the constitution was adopted, and has been clerk of the court of common pleas down to the time when the defendant was appointed under the act of 1843. (Stat. of 1843, p. 63.) The first section of that act provides, that the clerk of the court of common pleas for the city and county of New-York shall be appointed by the court; and that this new officer shall be and act as the clerk of. the county court. The question is, whether the legislature had the constitutional power to pass such a law. I think it had not. In effect, this statute divides the office of clerk of the city and county of New-York intp two parts ; and as to the largest share, in point of duty and emolument, takes the choice of the officer from the electors of the county, and gives the appointment to the court. If this can be rightfully done, I do not see any security for the residue of the office. The legislature may take that also, and give the appointment of the officer to some court, or to the governor and senate; and thus the constitutional provision for a choice by the electors would he completely nullified. I do not doubt that the legislature can regulate the duties, and reduce or take away the fees of the officer. And it may, perhaps, abolish the office. But so long as the duties and emoluments of the office remain,-the choice of the officer belongs to the electors of the county. They cannot be deprived of their right, by changing the name of the office, nor by dividing it into parts, and transferring the selection of one of the officers to another body. If the office may be divided, and the duties be assigned to two officers, both must be chosen by the electors of the county. No other rule will give full effect to the constitution.
Judgment for the people.

 See Kent’s Charter, p. 23, § 15; id. p. 71 to 73, § 27, 29; id. p. 166; 4 Web. 329; 5 id. 265; 1 R.L. 338, § 11, 12; 2 id. 402, § 159, 160; Stat. 1818, p. 144, ch.162; Stat. of 1821, p. 64.